## IN THE COURT OF APPEALS OF IOWA

No. 21-0157
Filed April 14, 2021

**IN THE INTEREST OF J.A.,**
**Minor Child,**

**A.C., Mother,**
　　Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Scott Strait,

District Associate Judge.

A mother appeals the district court order terminating her parental rights.

**AFFIRMED.**

Amanda Heims, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

Roberta Megel, Council Bluffs, attorney and guardian ad litem for minor

child.

Considered by May, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals the district court order terminating her parental rights. We find the termination of the mother's parental rights is supported by the evidence, the State engaged in reasonable efforts to reunite the mother and child, termination is in the child's best interests, and an exception to termination is not warranted in this case. We affirm the district court.

## I.     Background Facts & Proceedings

A.C. is the mother of J.A., who was born in 2019.[1] The mother has a history of substance abuse and homelessness. The child was removed from the mother's custody shortly after birth because the mother admitted using methamphetamine while pregnant, and she tested positive for amphetamines at the time of delivery. J.A. also tested positive for methamphetamine and amphetamines at his birth. J.A. was formally removed from his mother's custody on August 21, 2019, and placed in foster care.

The child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (o) (2019). The mother was inconsistent in attending visitation, appearing at only about one-half of the available visits. She was also inconsistent in providing drug tests. The Iowa Department of Human Services (DHS) made twenty-five requests for drug tests, and the mother complied on only four occasions.[2] The mother remained homeless

---

[1] The parental rights of the child's putative father, J.P.A., were terminated. He has not appealed.

[2] The mother's drug testing number expired for the month of October 2020. DHS attempted to provide a hair screen to make up for any missed tests for October, but the mother failed to participate in that test.

throughout the CINA proceedings and did not have transportation. She was incarcerated on four separate occasions since the initiation of the underlying CINA case.

On October 22, 2020, the State filed a petition seeking termination of the mother's parental rights. At the time of the termination hearing on December 7, the mother had been attending outpatient substance-abuse and mental-health treatment for a mere two months.[3] The mother tested positive for methamphetamine approximately one week before the termination hearing. She had not located safe, stable housing.

The district court terminated the mother's parental rights under section 232.116(1)(e), (h), and (*l*) (2020) and found reasonable efforts had been provided to the mother. The court determined termination of the mother's parental rights was in the child's best interests and none of the exceptions to termination found in section 232.116(3) should be applied. The mother now appeals the termination of her parental rights.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* (citation

---

[3] The mother met the criteria for residential treatment based on the most recent evaluation and collateral information provided.

omitted). Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We focus on the termination of the mother's parental rights under section 232.116(1)(h).[4]

The evidence shows J.A. was born in 2019, so he was younger than three at the time of the termination hearing in late 2020. *See* Iowa Code § 232.116(1)(h)(1). There was a CINA adjudication for the child. *See id.* § 232.116(1)(h)(2). The child had been out of the mother's care for about fifteen months at the time of the termination hearing, from August 2019 until December 2020. *See id.* § 232.116(1)(h)(3). Also, there is clear and convincing evidence the

---

[4] Section 232.116(1)(h) allows for termination of parental rights if the following elements are met:
    (1) The child is three years of age or younger.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

child could not be safely returned to the mother at the time of the termination hearing. *See id.* § 232.116(1)(h)(4). The mother had not successfully addressed her substance-abuse and mental-health problems. The mother initially agreed to admit herself to inpatient treatment and was transported by a worker to the intake. However, the mother became verbally aggressive after being told to put out her cigarette and left the facility. Three months later, after expressing a willingness to complete a substance-abuse evaluation with transportation provided by DHS, the mother sent a text message to the DHS worker the following morning, indicating she had a work emergency. She failed to contact the worker after that text message and did not complete the evaluation until October 21, 2020, despite being ordered to do so since December 18, 2019.

The mother was without safe housing for J.A. The mother testified that she remained homeless at the time of termination. While the mother did gain some temporary housing during the case with the assistance of DHS, the mother was required to leave this housing when she got into an argument with another resident. At the termination hearing, the mother testified she did not know where she was going to stay that night and had stayed at a truck stop the night before the hearing.

We acknowledge well-established case law that a parent's impoverished condition should not be the sole basis of a termination decision. *See In re Z.T.D.,* 478 N.W.2d 426, 428 (Iowa Ct. App.1991). That said, a parent must be able to provide children with the basic necessities of life, including a roof over their heads and food on the table. *See In re P.L.,* 778 N.W.2d 33, 39 (2010) (citing Iowa Code section 232.116(2), and stating that the court considers "the physical, mental, and

emotional condition and needs of the child" when determining whether to terminate parental rights).

The record supports a finding the child could not be returned to his mother's custody at the time of the termination hearing. She has failed to meaningfully address her substance-abuse and mental-health issues since the child's removal. The district court did not base the termination solely on the mother's impoverished condition. We conclude the juvenile court properly applied section 232.116(1)(h).

## IV. Reasonable Efforts

As part of her argument concerning the sufficiency of the evidence, the mother asserts the State did not engage in reasonable efforts to reunite her with the child. During the termination hearing, the mother claimed DHS should have done more to assist her with housing and transportation.

"The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *C.B.*, 611 N.W.2d at 493; *see also* Iowa Code § 232.102(7). "In general, if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002).

During the termination hearing, the DHS caseworker testified that she offered to transport the mother to drug screens. The mother was given an Uber voucher. However, the month she was provided the Uber voucher, she exercised no visits with her child. There were also efforts to provide a gas card if she could find an individual to assist with transportation. She was offered bus passes. Another social worker worked on finding housing and transportation for the mother.

The mother testified that the current social worker was "very helpful" in looking for housing. While the mother also alleges her lack of transportation attributed to missed visitation, the family support worker testified that she transported the child to visitation and was able to bring the child to any neutral location to meet the mother. The majority of the missed visits were due to the mother's failure to confirm the visit or confirming a visit and then cancelling. We conclude the evidence shows the State engaged in reasonable efforts to reunite the mother and child.

## V. Best Interests

The mother claims termination of her parental rights is not in the child's best interests. In considering a child's best interests, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *P.L.*, 778 N.W.2d at 41. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

As part of her best-interests argument, the mother asks for additional time to work on reunification with the child. The juvenile court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). The court may continue the proceedings for an additional six months if the court

finds "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

Although the child was removed in August 2019, the mother did not start treatment for her substance-abuse and mental-health problems until October 2020. There was evidence that the mother continued to use methamphetamine, testing positive shortly before the termination hearing. In addition, the mother was inconsistent in attending visitation, attending approximately half of the offered visits. We find, as did the district court, there is not clear and convincing evidence to show the need for removal would no longer exist in six months.[5] It is not in the child's best interests to further extend this case. We conclude termination of the mother's parental rights is in the child's best interests.

## VI.    Exception to Termination

The mother states that she has a close bond with the child. She claims termination of her rights is detrimental to the child based on the closeness of the parent-child relationship. *See id.* § 232.116(3)(c).

"The factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *Id.* (citing *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)).

---

[5] The mother's parental rights have been terminated to two other children due to her methamphetamine use.

The DHS caseworker and the family support worker testified the mother had a bond with the child during visits. The mother also testified that she was bonded with the child. We note, however, the child has never lived with the mother, and their bond arose during supervised visitation, which the mother did not always attend. The district court noted that the child was bonded with the foster parents. Even considering the bond between the mother and child, we find that the evidence does not show termination of the mother's parental rights would be detrimental to the child. *See* Iowa Code § 232.116(3)(c) (requiring that "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."). We conclude the exception to termination found in section 232.116(3)(c) should not be applied in this case.

We affirm the district court's decision terminating the mother's parental rights.

**AFFIRMED.**